**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4558**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

     v.

JASON TERELL GLEATON,

          Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Terry L. Wooten, Senior District Judge.  (3:18-cr-00006-TLW-1)

Submitted:  December 23, 2019          Decided:  January 8, 2020

Before FLOYD and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Kimberly H. Albro, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  Leesa Washington, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jason Terell Gleaton appeals his convictions and the 120-month sentence imposed following his guilty plea to Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (2012), and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (2012). On appeal, counsel for Gleaton has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but questioning whether Gleaton's guilty plea was knowing and voluntary and whether his sentence was procedurally reasonable. In addition, Gleaton has filed a pro se supplemental brief disputing the validity of his § 924(c) conviction. Finding no reversible error, we affirm.

First, we recently determined, contrary to Gleaton's argument, that the predicate for his § 924(c) charge—Hobbs Act robbery—categorically qualifies as a crime of violence. *See United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019), *cert. denied*, No. 19-6423, 2019 WL 6689801, *and cert. denied*, No. 19-6424, 2019 WL 6689802 (U.S. Dec. 9, 2019). Accordingly, we reject Gleaton's claim that his § 924(c) conviction is invalid.

Turning to the Fed. R. Crim. P. 11 hearing, before accepting a guilty plea, the district court must conduct a colloquy in which it informs the defendant of, and determines that he understands, the nature of the charges to which he is pleading guilty, any mandatory minimum penalty, the maximum penalty he faces, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The court also must ensure that the defendant's plea is voluntary and supported by an independent factual basis. Fed. R. Crim. P. 11(b)(2), (3). Because Gleaton

2

did not preserve any error in the plea proceedings, we review the adequacy of the plea colloquy for plain error. *United States v. Vonn*, 535 U.S. 55, 58-59 (2002); *see Henderson v. United States*, 568 U.S. 266, 272 (2013) (describing standard).

Based on our review of the Rule 11 hearing, we conclude that Gleaton's plea was knowing, voluntary, and supported by an independent basis in fact. Although, as *Anders* counsel notes, the district court neglected to advise Gleaton of the possibility of forfeiture, we discern nothing in the record suggesting that, but for this minor omission, Gleaton would not have pleaded guilty. *See United States v. Aplicano-Oyuela*, 792 F.3d 416, 427 (4th Cir. 2015). Therefore, we affirm Gleaton's convictions.

Next, we review Gleaton's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Under this standard, a sentence is reviewed for both procedural and substantive reasonableness. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. *Id.* at 49-51.

If a sentence is free of "significant procedural error," then we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id.* at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

*Anders* counsel challenges the adequacy of the district court's sentencing explanation, citing a perceived inconsistency between the imposition of a within-Guidelines-sentence and the court's observation that Gleaton lacked the criminal history typical of the average Hobbs Act robber. However, the court made clear its intention not to diminish the significance of Gleaton's criminal record and, in addition, indicated that its consideration of several relevant sentencing factors militated against imposing the downward variance sentence that Gleaton requested. Based on this explanation, we conclude that the court amply justified its sentencing decision. Furthermore, we see nothing in the record to rebut the presumption of substantive reasonableness accorded to Gleaton's within-Guidelines-sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Gleaton's criminal judgment. This court requires that counsel inform Gleaton, in writing, of the right to petition the Supreme Court of the United States for further review. If Gleaton requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Gleaton.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4